HUDSON COUNTY STORE FIXTURE MANUFACTURING COMPANY, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. BORIS GUTMANN, DEFENDANT-APPELLEE.

Submitted November 6, 1924—Decided February 9, 1925.

Contracts—Meeting of Minds—A Written Contract, Signed After Partial Reading by Both Parties, but Understood by One to be an Agreement for Sale of Goods, but Who, After His Signature Had Been Witnessed, Learned That it was Only a Conditional Sale, and Who Then Immediately Proceeded to Destroy Both Copies, Held, not to be a Meeting of Minds, There Having Been No Complete Delivery of Agreement.

On appeal from the First District Court of Jersey City.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Rothstein & Hurwitz* and *Carl Weitz*.

For the appellee, *Pesin & Pesin*.

PER CURIAM.

This is an appeal from a judgment for the defendant in the First District Court of Jersey City, rendered by the judge, sitting without a jury.

The state of the case settled by the judge sets forth that the suit was for damages for defendant's alleged breach of a contract in writing whereby plaintiff undertook to manufacture and set up for the defendant certain store fixtures. After preliminary negotiations the proposed contract was reduced to typewriting upon a printed form used by the plaintiff in its business, two copies being prepared. The defendant was intelligent, and had ample opportunity to inspect the contract, but, apparently, only read over the typewritten portions. When the contract had been thus written out, the parties went to the office of a notary public to get him to witness the contract. Each party signed the contract and the notary affixed his signature as witness to each of the copies, and delivered one to each of the parties, remarking to the plaintiff that it was on a new form.

The defendant then asked what was meant by a new form, to which the notary replied that it was a conditional bill of sale. Defendant thereupon immediately said that was not his agreement; that he was to pay $500 a month, and title to the property was to be his, and not retained in the seller. Defendant thereupon asked for plaintiff's copy of the contract, and upon receiving it, tore both copies into pieces, stating that he was ready to take the fixtures and pay for them as he had agreed, but no such contract was ever tendered him by the plaintiff.

The judge regarded the evidence as not disclosing that the contract had been finally closed, even after the parties had affixed their signatures, and held that the minds of the

parties had not met and that they were still in the stage of negotiations, and he gave judgment for the defendant.

In that inference we cannot say that the judge was wrong. We think the evidence susceptible of the conclusion that the defendant was still endeavoring to ascertain the effect of the paper before there had been any complete delivery of it.

It appears that after the plaintiff had rested, and as the defendant was about to proceed with his evidence, the plaintiff objected to any defense on the ground that defendant had failed to serve within due time specifications of defenses pursuant to plaintiff's demand before trial. The judge held that since specifications had been filed with the clerk more than a month prior to the trial, and since it was not alleged that plaintiff was unfamiliar with the defense or would be prejudiced by proceeding, he would permit the defendant to make his defense, and that he did, and we think properly.

Complaint is made of the action of the judge in allowing the defendant to relate the details of his oral negotiations with the plaintiff concerning the making of the contract prior to signing. This was objected to by the plaintiff upon the ground that the contract spoke for itself, and that prior conversations were merged into the written agreement, and were inadmissible.

We think this objection not well taken. The real question was whether or not the minds of the parties met and resulted in a contract, and upon that topic we think this evidence was admissible.

The judgment will be affirmed, with costs.